B 2100A (Form 2100A) (12/15)

## United States Bankruptcy Court
Eastern District of Virginia

In re: TIMOTHY BASKERVILLE                                   Case No.:   15-35667

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111 (a).  Transferee hereby gives evidence notice pursuant to Rule 3001 (e) (2), FRBP of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Lendmark Financial Services LLC. | Springleaf Financial Services of America, Inc. |
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to | Court Claim # (if known): 2 |
| Transferee should be sent: | Amount of Claim: $ 2372.36 |
| | Date Claim Filed: 11/14/2015 |
| Lendmark Financial Services LLC. | |
| 2118 Usher Street | Phone: 800-266-9800 |
| Covington, GA 30091 | Last Four Digits of Account #: 1224 |
| | |
| Phone:  877-410-5316 | |

Last Four Digits of Account: #2916

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:      /s/Christina Caballero                                   Date: 9/24/2016
         Transferee/Transferee's Agent

Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U. S. C. §§ 152 & 3571.

# LIMITED POWER OF ATTORNEY

Lendmark Financial Services, LLC ("Company"), with respect to certain bankruptcy proceeding accounts hereby appoints and authorizes Bass & Associates, P.C. to be the Company's attorney-in-fact with limited power and authority to execute and file transfers of proofs of claim on the Company's behalf. This Power of Attorney shall be governed by and construed in accordance with the laws of the State of Georgia and expires on December 31, 2016, unless previously revoked by the Company.

IN WITNESS WHEREOF, Lendmark Financial Services, LLC has caused this Limited Power of Attorney to be executed by its duly authorized representative this 1 day of Sept. , 2016.

By: _____

Its: Vice President

STATE OF GEORGIA

COUNTY OF NEWTON

On the 1st day of Sept., in the year 2016 before me, the undersigned, a Notary Public in and for said State, personally appeared Burt Collins personally known to be or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public



**BILL OF SALE AND ASSIGNMENT AND ASSUMPTION AGREEMENT**

BILL OF SALE AND ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Bill of Sale and Assignment and Assumption Agreement"), dated as of May 2, 2016, by and among the entities designated as "Sellers" on the signature pages hereto (each individually referred to as a "Seller," and collectively referred to as "Sellers"), and Lendmark Financial Services, LLC, a Georgia limited liability company ("Buyer").  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Purchase Agreement (as defined below).

RECITALS

WHEREAS, Sellers and Buyer have entered into that certain Purchase and Sale Agreement, dated as of November 12, 2015 (the "Purchase Agreement"); and

WHEREAS, on the terms and subject to the conditions contained in the Purchase Agreement, as of the applicable Closing, (i) Sellers have agreed to sell, assign, transfer, convey and deliver, or cause to be sold, assigned, transferred, conveyed and delivered, to Buyer all of Sellers' right, title and interest in and to the Purchased Assets applicable to such Closing, and Buyer has agreed to acquire, accept and take assignment and delivery of the Purchased Assets; and (ii) Sellers desire that Buyer assume, and Buyer has agreed to assume from Sellers, the Assumed Liabilities, applicable to such Closing.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained in the Purchase Agreement, the parties hereto agree as follows:

1.  Assignment of Purchased Assets.  For value received, the sufficiency of which is hereby acknowledged, and on the terms and subject to the conditions of the Purchase Agreement, each Seller hereby sells, assigns, transfers, conveys and delivers to Buyer, and Buyer hereby acquires, accepts and takes assignment and delivery from such Seller of, all of such Seller's right, title and interest in and to the Purchased Assets that are owned by such Seller as set forth on the attached Schedules, including the Purchased Loans listed on the attached Schedule A and the Purchased Contracts and the Fixed Assets listed on the attached Schedule B, free and clear of all Encumbrances (except for, with respect to Fixed Assets and Purchased Contracts, Permitted Encumbrances).

2.  Assumption of Assumed Liabilities.  On the terms and subject to the conditions of the Purchase Agreement, Buyer hereby assumes, and agrees to pay, perform and discharge when due, the Assumed Liabilities relating to the Purchased Loans listed on the attached Schedule A and the Purchased Contracts listed on the attached Schedule B.

3.  Purchase Agreement.  This Bill of Sale and Assignment and Assumption Agreement is being executed and delivered pursuant and subject to the Purchase Agreement and for the consideration as provided for therein.  Notwithstanding anything to the contrary herein, nothing in this Bill of Sale and Assignment and Assumption Agreement shall, or shall be deemed to, defeat, limit, alter or impair, enhance or enlarge any right, obligation, claim or remedy created by the Purchase Agreement.  In the event of any conflict between this Bill of Sale and

ACTIVE 214152708v.2

Assignment and Assumption Agreement and the Purchase Agreement, the Purchase Agreement shall control.

       4.    <u>Further Actions</u>.  Each of the parties hereto shall use all commercially reasonable efforts to take, or cause to be taken, all appropriate action and do, or cause to be done, all things necessary, proper or advisable under applicable Law, and to execute and deliver such documents and other papers, as may be required to carry out the provisions of this Bill of Sale and Assignment and Assumption Agreement and to consummate and make effective the transactions contemplated hereby.

       5.    <u>Successors and Assigns</u>.  This Bill of Sale and Assignment and Assumption Agreement shall be binding upon and inure solely to the benefit of the parties hereto and their respective successors and permitted assigns.

       6.    <u>Governing Law</u>.  This Bill of Sale and Assignment and Assumption Agreement shall be governed by, and construed in accordance with, the Laws of the State of New York applicable to contracts executed in and to be performed in that state.

       7.    <u>Counterparts; Signatures</u>.  This Bill of Sale and Assignment and Assumption Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which together shall be deemed to be one and the same instrument.  Any facsimile or .pdf signature under this Bill of Sale and Assignment and Assumption Agreement, including any modifications, amendments, or supplements thereof, shall have the same force and effect of an original signature.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties hereto have caused this Bill of Sale and Assignment and Assumption Agreement to be executed and delivered as of the date first written above.

**SELLERS:**

SPRINGLEAF FINANCIAL SERVICES OF ARIZONA, INC., an Arizona corporation

By: _____
   Name: Jack Erkilla
   Title: Senior Vice President and Secretary


SPRINGLEAF FINANCIAL SERVICES, INC., a Delaware corporation

By: _____
   Name: Jack Erkilla
   Title: Senior Vice President and Secretary


SPRINGLEAF FINANCIAL SERVICES OF AMERICA, INC., a North Carolina corporation

By: _____
   Name: Jack Erkilla
   Title: Senior Vice President and Secretary


SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC., an Ohio corporation

By: _____
   Name: Jack Erkilla
   Title: Senior Vice President and Secretary


[Signature Page – Bill of Sale]

SPRINGLEAF FINANCIAL SERVICES OF PENNSYLVANIA, INC., a Pennsylvania corporation

By: _____
    Name: Jack Erkilla
    Title: Senior Vice President and Secretary

STATE FINANCIAL SERVICES- SPRINGLEAF, INC., a Texas corporation

By: _____
    Name: Jack Erkilla
    Title: Senior Vice President and Secretary

SPRINGLEAF FINANCIAL SERVICES OF AMERICA, INC., a Delaware corporation

By: _____
    Name: Jack Erkilla
    Title: Senior Vice President and Secretary

SPRINGLEAF FINANCIAL SERVICES OF WASHINGTON, INC., a Washington corporation

By: _____
    Name: Jack Erkilla
    Title: Senior Vice President and Secretary

SPRINGLEAF HOME EQUITY, INC., a West Virginia corporation

By: _____
    Name: Jack Erkilla
    Title: Senior Vice President and Secretary

[Signature Page – Bill of Sale]

**BUYER:**

LENDMARK FINANCIAL SERVICES, LLC

By: _____
Name: Robert W. Aiken
Title: Chief Executive Officer

[Signature Page – Bill of Sale]